DAVID B. GOLUBCHIK (SBN 185520)
ANTHONY A. FRIEDMAN (SBN 201955)
JOHN-PATRICK M. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Fax: (310) 229-1244
Email: dbg@lnbyg.com, aaf@lnbyg.com, jpf@lnbyg.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>WORKSITE LABS, INC.,<br><br>      Debtor and Debtor in Possession. | Case No.: 2:23-bk-14539-VZ<br><br>Chapter 11 Case<br><br>**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE CONTINUED USE OF CERTAIN PORTIONS OF ITS CASH MANAGEMENT SYSTEM; (II) AUTHORIZING THE MAINTENANCE OF PRE-PETITION BANK ACCOUNTS; AND (III) AUTHORIZING AND INSTRUCTING BANKS TO RELEASE ADMINISTRATIVE HOLDS AND/OR FREEZES ON THE DEBTOR'S PRE-PETITION ACCOUNTS; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Omnibus Statement of Facts and Omnibus Declaration of Gary Frazier Filed Concurrently Herewith]**<br><br>Hearing:<br>DATE:    July 27, 2023<br>TIME:    11:00 a.m.<br>PLACE:  Courtroom 1368<br>             255 East Temple Street<br>             Los Angeles, CA 90012 |

1

Worksite Labs, Inc., a Delaware corporation (the "Debtor"), the debtor and debtor in possession in the above-referenced Chapter 11 bankruptcy case, hereby moves, on an emergency basis (the "Motion"), pursuant to 11 U.S.C. §§ 105 and 363, for entry of an order: (1) authorizing the continued use of certain portions of Debtor's existing cash management system, (2) authorizing the maintenance and continued use of certain of Debtor's existing bank accounts which receive revenue from customers, insurance companies and other health care entities, and (3) authorizing and instructing the release of any administrative freezes or holds on the Debtor's bank accounts as a result of the bankruptcy filings (or for any other reason).

**BACKGROUND INFORMATION AND SUMMARY OF BASIS FOR RELIEF**

On July 20, 2023, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has operated its business and managed its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1182(2) and 1184. The Debtor is proceeding as a Subchapter V debtor/

The Debtor commenced operations in May 2020 as a decentralized, portable, scalable solution to testing labs that was able to provide results in 24 hours or less. The Debtor currently operates testing centers in California, Florida, Georgia, New York, Nevada and Guam. The Debtor also operates out of its corporate offices in Long Beach. The Debtor was born out of the inability of the traditional health care system to keep up with the demand for timely results for COVID testing, resulting in people waiting days and weeks for test results, which delayed treatment and increased inefficiencies in the healthcare industry. The Debtor's rapid turnaround-time on lab results was crucial to the travel and tourism industry during the COVID period as the Debtor provided services at major airports in the United States, the Los Angeles County Jails, and various schools and community centers. The Debtor also saw a need to bring testing to underserved communities, and, as a result, the Debtor established collection sites with faith-based and non-profit organizations in South Los Angeles, Brooklyn, and the San Francisco Peninsula.

Since its inception in 2020, the Debtor has achieved substantial milestones:

2

a. The Debtor filled a major COVID-19 testing gap, creating vital access to care during a critical moment in the country's history.

b. The Debtor helped keep the one-trillion-dollar-plus international tourism industry afloat with one-to-one travel testing services.

c. The Debtor supported public and private organizations – including schools, airports and airlines – with optimized, scalable testing solutions.

d. The Debtor served vulnerable populations with comprehensive health services at our community sites.

e. The Debtor sent a fully equipped laboratory to Ukraine to provide services for civilians and troops.

As the world was coming out of the COVID crisis, the Debtor utilized its experience to expand and enhance its range of services. Specifically, the Debtor has been transitioning from COVID testing to post-pandemic general medical diagnostic services through its earnings generated by the COVID testing along with debt from two (2) primary lenders.

The Debtor's receivables consist primarily of payments from the government, insurance companies and other health care entities. Based on the procedures of the government and insurance companies, the process of transferring payments to new accounts can last months, during which time all deposits are suspended. As a debtor in possession, the Debtor simply cannot afford to delay collection of income for months while the transition to its "Debtor-in-Possession" accounts occurs. Consistent with the requirements of the US Trustee, the Debtor will open "Debtor-in-Possession" bank accounts, but requires limited use of its pre-petition accounts solely to receive deposits and income, which will be promptly transferred to the post-petition accounts.

As of the Petition Date, the Debtor has solely collected revenue without any disbursements, utilizing a network of bank accounts located at First Republic Bank ("FRB") and Bank of Hawaii ("BOH", and together with FRB, the "Banks"), as follows:

| Account Numbers ("Accounts") | Account Description and Proposed Disposition of Account |
|---|---|
| FRB xx5201<br>FRB xx2928<br>FRB xx5972<br>FRB xx5733<br>BOH xx4416 | **Debtor requests that these accounts remain open to ensure there is no interruption in the flow of revenue.** Operating accounts into which revenue from general insurance payments are collected. The Debtor desires to retain these accounts until such time as the automatic deposits from 3rd parties, including insurance companies and other health care entities, can be transitioned over to a new "debtor in possession" account. At the present time, the Debtor will open "debtor in possession" accounts at an authorized depository, however, until the automatic payments can be transitioned over, it is imperative to retain the pre-petition accounts so as to not lose any revenue. No payments will be made from the pre-petition account other than transfers of all collections to the post-petition accounts. |

Pursuant to this Motion, the Debtor seeks Court authority to maintain and keep open the five (5) collection accounts at the Banks as specifically set forth above (collectively, the "Collection Accounts"). The vast majority of the payments, if not all, received by the Debtor are automatic, recurring and electronic payments issued either by 3rd parties or governmental entities. At this juncture, requiring Debtor to close the Accounts would result in a substantial delay in the receipt of payments and unnecessary disruptions to operations. Re-establishing and re-connecting deposits and billings to new accounts would be impractical, disruptive, costly and an inefficient use of the Debtor's resources. Debtor will still open debtor in possession accounts as indicated above, including in order to sweep funds from the Accounts into debtor in possession accounts, and Debtor will make all disbursements from debtor in possession accounts.

The relief requested herein will help ensure the Debtor's smooth transition into chapter 11 by allowing Debtor to keep the Accounts and avoid any interruption or disruption in Debtor's receipt of revenue. It is important that this Motion be heard on an emergency basis so that Debtor may immediately comply with applicable requirements concerning the Accounts.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, the Debtor has served a copy of this Motion and all supportive papers (including notice of the hearing on the Motion) upon the Office of the United States Trustee, the Banks, the 20 largest unsecured creditors of the Debtor and parties requesting special notice via overnight mail or e-mail.

**ADDITIONAL INFORMATION**

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the attached Declaration of Gary Frazier, the arguments and statements of counsel to be made at the hearing on the Motion, and other admissible evidence properly brought before the Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

(a)    granting the Motion in its entirety;

(b)    affirming the adequacy of the notice given;

(c)    authorizing Debtor to maintain its prepetition cash management system as set forth above and keep the Accounts in place solely to receive funds with only disbursements to be transfers to post-petition accounts;

(d)    authorizing the release of any administrative freezes or holds on all accounts of the Debtor at the Banks; and

(e)    granting such other and further relief as the Court deems just and proper.

Dated: July 26, 2023                     WORKSITE LABS, INC.

By: _/s/ Anthony A. Friedman_
  DAVID B. GOLUBCHIK
  ANTHONY A. FRIEDMAN
  J.P. FRITZ
  LEVENE, NEALE, BENDER, YOO
   & GOLUBCHIK L.L.P.
  Proposed Attorneys for Debtor and
  Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**PLEASE SEE THE OMNIBUS DECLARATION OF GARY FRAZIER FOR BACKGROUND FACTS AND INFORMATION REGARDING THIS CASE, WHICH THE DEBTOR INCORPORATES HEREIN BY THIS REFERENCE.**

A. **The Debtor's Pre-petition Cash Management System.**

The Debtor's receivables consist primarily of payments from the government, insurance companies and other health care entities. As of the Petition Date, the Debtor has solely collected revenue without any disbursements, utilizing a network of bank accounts located at First Republic Bank ("FRB") and Bank of Hawaii ("BOH", and together with FRB, the "Banks"), as follows:

| Account Numbers ("Accounts") | Account Description and Proposed Disposition of Account |
|---|---|
| FRB xx5201<br>FRB xx2928<br>FRB xx5972<br>FRB xx5733<br>BOH xx4416 | **Debtor requests that these accounts remain open to ensure there is no interruption in the flow of revenue.** Operating accounts into which revenue from general insurance payments are collected. The Debtor desires to retain these accounts until such time as the automatic deposits from 3rd parties, including insurance companies and other health care entities, can be transitioned over to a new "debtor in possession" account. At the present time, the Debtor will open "debtor in possession" accounts at an authorized depository, however, until the automatic payments can be transitioned over, it is imperative to retain the pre-petition accounts so as to not lose any revenue. No payments will be made from the pre-petition account other than transfers of all collections to the post-petition accounts. |

Pursuant to this Motion, the Debtor seeks Court authority to maintain and keep open the five (5) Accounts at the Banks as specifically set forth above. The vast majority of the payments, if not all, received by the Debtor are automatic, recurring and electronic payments issued either by 3rd parties or governmental entities. At this juncture, requiring Debtor to close the Accounts would result in a substantial delay in the receipt of payments and unnecessary disruptions to operations. Re-establishing and re-connecting deposits and billings to new accounts would be impractical, disruptive, costly and an inefficient use of the Debtor's resources. Debtor will still open debtor in possession accounts as indicated above, including in order to

sweep funds from the Account into debtor in possession accounts, and Debtor will make all disbursements from debtor in possession accounts.

The relief requested herein will help ensure the Debtor's smooth transition into chapter 11 by allowed Debtor to keep the Accounts and avoid any interruption or disruption in Debtor's receipt of revenue. It is important that this Motion be heard on an emergency basis so that Debtor may immediately comply with applicable requirements concerning the Accounts.

## II.

## **DISCUSSION**

Section 105(a) of the Bankruptcy Code provides:

> "The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

11 U.S.C. § 105(a). All of the relief requested herein is within the Court's authority to grant at its discretion. The Debtor respectfully request that the Court exercise its discretion to grant the relief requested herein.

A. **The Court Should Grant Debtor Authority To Maintain Certain Aspects Of Its Prepetition Cash Management System And Accounts.**

Pursuant to Section 28 U.S.C. § 586, the U.S. Trustee has established certain operating guidelines for debtors in possession in order to supervise the administration of chapter 11 cases. These guidelines require chapter 11 debtors to, among other things: (a) close all existing bank accounts; (b) open a minimum of three new debtor in possession accounts under the debtor name as a debtor in possession (general, payroll and tax) at an approved depository (the "<u>DIP Accounts</u>"), and that all disbursements must be made out of one of these DIP Accounts; and (c) obtain checks from the DIP accounts (which must "indicate that the account is a 'debtor in

possession account' and must include the Chapter 11 case number in the account name."

Section 363(c) of the Bankruptcy Code permits a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c). "Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets." *In re Roth Am.* 975 F.2d 949, 952 (3d Cir. 1992). A debtor's proposal to continuing using its pre-petition cash management system has been held to be consistent with Section 363(c*). See In re Charter Co*., 778 F.2d 617, 618 (11th Cir. 1985) ("Both the April 20 order and the amended order, however, merely authorized the debtor to utilize a routine cash management system 'as has been usual and customary in the past.' This is entirely consistent with the statute, which allows a debtor in possession to 'use property of the estate in the ordinary course of business without notice or a hearing.' 11 U.S.C. § 363(c)(1) (1982)."); *see also Charter Co.*, 778 F.2d at 618 (debtors requested authority "to maintain their existing bank accounts and continue to consolidate cash management for the entire group, transferring monies among the affiliated entities as had been their practice and custom.")

Notwithstanding, Courts have routinely granted chapter 11 debtor's authority to continue using their existing cash management systems. *See, In re Evergreen Oil, Inc.,* Case No. 8:13-bk-13163-SC, Docket No. 31 (Bankr. C.D. Cal. April 10, 2013); *In re Shilo Inn, Diamond Bar, LLC,* Case No. 2:10-bk-60884-VZ, Docket No. 38, (Bankr. C.D. Cal. January 14, 2011); *In re Shoe Pavilion, Inc.*, Case No. 1:08-bk-14939-MT, Docket No. 39, (Bankr. C.D. Cal. July 22, 2008); *In re Plaza Healthcare Center, LLC,* Case No. 8:14-bk-11335-CB, Docket No. 57, (Bankr. C.D. Cal. March 13, 2014); *In re Krystal Koach Inc.*, Case No. 8:10-bk-26547-CB, Docket No. 40, (Bankr. C.D. Cal. December 6, 2010); *In re North American Health Care, Inc.* Case No. 8:15-bk-10610-MW, Docket No. 50, (Bankr. C.D. Cal. February 19, 2015). *See also, In re Pathmark Stores. Inc. et al.*, Case No. 00-02963(JJF) (D. Del. July 13, 2000); *In re Safety-Kleen Corp.*, Case No. 00-02303(PJW) (Bankr. D. Del. June 13, 2000); *In re Eagle Food Centers, Inc.*, Case No. 00-01311(RRN) (D. Del. March 2, 2000); *In re Philip Services (Delaware), Inc.*, Case No. 99-02385(MEW) (Bankr. D. Del. June 30, 1999); *see also, In re Grant Broadcasting of*

*Philadelphia, Inc.*, 75 B.R. 819 (E.D. Penn. 1987); *In re Charter Company, et al.*, 778 F.2d 617 (11th Cir. 1985).

The Debtor seek a waiver of waiver of the U.S. Trustee's requirement that all bank accounts be closed, and request that the Accounts at the Banks remain open solely to receive funds, with the funds to be promptly transfers to the DIP accounts. .

Requiring Debtor to close the Accounts would result in the delay in the receipt of payments, and disruptions to operations.  Re-establishing and re-connecting deposits and payments to new accounts would be impractical, disruptive, costly, and an inefficient use of the Debtor's resources.

The Accounts comprise an established portion of Debtor's cash management system that Debtor needs to maintain and ensure orderly and smooth collections in the ordinary course during this case.  In order to avoid delays in payments and collection of revenue, to ensure as smooth a transition into chapter 11 as possible with minimal disruption, it is important that Debtor be permitted to maintain the Accounts.

**B.      Necessity for Immediate Relief and Effectiveness of the Order**

Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition grant  . . . (b) a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." Fed. R. Bankr. P. 6003.  For the reasons discussed herein, if the Debtor is not able to continue to use their cash management system, as modified as of the Petition Date, it would cause immediate and irreparable harm to the Debtor and its business operations.

The Debtor submits that it is facing immediate and irreparable harm if it is required to close the Accounts at this time.  Based on the Debtor's experience and knowledge, it takes months to redirect payments such as those received by the Debtor to a new account, during which times all deposits cease.  Such a result would cripple the Debtor to a point of ensuring cessation of operations and liquidation.  The Debtor needs access to the Accounts at the Banks to

receive insurance, Medi-Cal, and Medicare payments. The Debtor needs to be able to access the Accounts at the Banks to receive revenue to pay for labor and supplies that its patients desperately need in order to receive their test results. Accordingly, the relief requested herein meets the requirements for immediate relief to "avoid immediate and irreparable harm" pursuant to Bankruptcy Rule 6003.

Further, to implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing use sale, or lease of property under Bankruptcy Rule 6004(h), to the extent those rules are applicable.

**C.    The Court Should Authorize The Banking Institutions To Immediately Release Any And All Administrative Holds And/Or Freezes That They May Have On Any Of The Debtor's Accounts.**

Some courts have found the placement of an administrative "freeze" or hold on the bank account of a Chapter 11 debtor results in, at a minimum, "unauthorized interference with the property of the Chapter 11 debtor without leave of the Court." *See e.g., In re Executive Associates, Inc.*, 24 B.R. 171, 172 (Bankr. S.D. Tex. 1982); *see accord In re LHG Resources, Inc.*, 34 B.R. 202, 203 (Bankr. W.D. Tex. 1983). Nevertheless, under some circumstances, some courts have found such actions not to be problematic. See e.g., *In re Lough*, 163 B.R. 586 (Bankr. D. Idaho 1994) (freeze which credit union placed on deposit securing its overdraft protection loan to debtor depositors was not improper "setoff," in violation of automatic stay).

The Debtor is not seeking any determination from the Court with respect to the validity or the permissibility of the United States Trustee policy described above. Nonetheless, in an abundance of caution, the Debtor respectfully requests that the Court exercise its authority pursuant to Section 105 and authorize the immediate release on all holds or freezes, if any, on any of the Debtor's Accounts at the Banks so that the Debtor can transfer funds in such accounts to its debtor in possession accounts (once opened).

**III.**

**CONCLUSION**

Based upon all of the foregoing, the Debtors respectfully request entry of an order:

(a) granting the Motion in its entirety;

(b) affirming the adequacy of the notice given;

(c) authorizing Debtor to maintain its prepetition cash management system as set forth above and keep the Accounts in place solely to receive revenue which the Debtor will promptly transfer to its DIP accounts;

(d) authorizing the release of any administrative freezes or holds on any bank accounts of the Debtor; and

(e) granting such other and further relief as the Court deems just and proper.

Dated: July 26, 2023                                WORKSITE LABS, INC.


By: __/s/ Anthony A. Friedman____
    DAVID B. GOLUBCHIK
    ANTHONY A. FRIEDMAN
    J.P. FRITZ
    LEVENE, NEALE, BENDER, YOO
      & GOLUBCHIK L.L.P.
    Proposed Attorneys for Debtor and
    Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE CONTINUED USE OF CERTAIN PORTIONS OF ITS CASH MANAGEMENT SYSTEM; (II) AUTHORIZING THE MAINTENANCE OF PRE-PETITION BANK ACCOUNTS; AND (III) AUTHORIZING AND INSTRUCTING BANKS TO RELEASE ADMINISTRATIVE HOLDS AND/OR FREEZES ON THE DEBTOR'S PRE-PETITION ACCOUNTS; AND MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 26, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **July 26, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 26, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Chambers_VZurzolo@cacb.uscourts.gov | hwinsberg@phrd.com | mweiss@phrd.com |
| bharvey@buchalter.com | lgarner@phrd.com | sgubner@bg.law |

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 26, 2023 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              **F 9013-3.1.PROOF.SERVICE**

Worksite Labs, Inc.
20 Largest Creditors +
File #10123

McKesson Medical Surgical
9954 Maryland Dr
Ste 4000
Henrico, VA 23233

Orchard Software
701 Congressional Blvd
Ste 360
Carmel, IN 46032

Rapid Acceleration Partners, Inc.
2251 Longview Rd
Irving, TX 75063

Lumira DX
221 Crescent St
Watham, MA 02453

Siemens Healthcare Diagnostics
221 Gregson Dr
Cary, NC 27511

Medical Practice Partner LLC
PO Box 2877
Riverview, FL 33568-2877

Randstad Healthcare
3625 Cumberland Blvd
Suite 300
Atlanta. GA 30339

BairesDev
800 W. El Camino Real, Suite 180
Mountain View, CA 94040

American Express
P.O. Box 981535
El Paso, TX  75265-0448

SalesCatcher LLC
2133 W Chapman Ave
Suite L
Orange CA 92868

Abbott Laboratories Inc
PO Box 92679
Chicago, IL 60675-2679

Rebulld California Alliance
7722 Avalon Blvd
Los Angeles, CA 90003

Labcorp
PO Box 12140
Burlington, NC 27216

Dotted Line Collaborations
8000 Franklin Fanns Dr
Ste 100
Henrico VA 23229

Hanna Construction
1203 W Shelly Ct
Orange, CA 92868-1240

Beam & Associates
787 N Lincoln St
Orange CA 92867

Life Technologies Corporation
12088 Collections Center Drive
Chicago, IL 60693

Strategic Medical Properties, Inc
1810 S El Camino Real, Ste C
San Clemente, CA 92672

Greenberg Traurig
401 E Las Olas Blvd, Ste 2000
Ft Lauder dale, FL  33301

Reliance Law Group
10000 Washington Blvd, Flr 6
Culver City, CA 90232

First Republic Bank
111 PINE STREET
SAN FRANCISCO, CA 94111

First Republic Bank
C/O Agent For Service, Becky Degeorge
2710 Gateway Oaks Drive
Sacramento, Ca 95833

Bank Of Hawaii
130 Merchant Street
Honolulu, Hi 96813

Bank Of Hawaii
C/O Agent For Service, Jackson Yang
720 14th St
Sacramento, Ca 95814

LendSpark Corporation
2554 Gateway Road
Carlsbad, Ca 92009