DAVID B. GOLUBCHIK (SBN 185520)
ANTHONY A. FRIEDMAN (SBN 201955)
JOHN-PATRICK M. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Fax: (310) 229-1244
Email: dbg@lnbyg.com, aaf@lnbyg.com, jpf@lnbyg.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:23-bk-14539-VZ |
| WORKSITE LABS, INC., | Chapter 11 Case |
| Debtor and Debtor in Possession. | **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO HONOR AND/OR PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS, AND VACATION, LEAVE AND OTHER BENEFITS, AND REIMBURSEABLE EXPENSES; AND HONOR AND/OR PAY RELATED PAYROLL TAXES AND WORKERS' COMPENSATION INSURANCE COSTS; AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | [Omnibus Statement of Facts and Omnibus Declaration of Gary Frazier Filed Concurrently Herewith] |
| | Hearing:<br>DATE:   July 27, 2023<br>TIME:   11:00 a.m.<br>PLACE:  Courtroom 1368<br>             255 East Temple Street<br>             Los Angeles, CA 90012 |

1

Worksite Labs, Inc., a Delaware corporation (the "Debtor" and/or "WSL"), the debtor and debtor in possession in the above-referenced Chapter 11 bankruptcy case, hereby moves, on an emergency basis (the "Motion"), for the entry of an order authorizing the Debtor to pay, in their sole discretion, certain pre-petition claims for, among other items, wages, salaries and commissions, federal and state withholding taxes, payroll taxes, workers' compensation insurance costs, and all other employee benefits that the Debtor pay in the ordinary course of business, as well as reimbursable expenses (all such payments, contributions, and obligations as described herein, the "Wages"), provided that no one individual shall receive in value over $15,150 (the current pre-petition priority cap) on account of his or her pre-petition claims.  The relief requested in this Motion does not apply to any insiders of the Debtor.

**BACKGROUND INFORMATION AND SUMMARY OF BASIS FOR RELIEF**

On July 20, 2023, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has operated its business and managed its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1182(2) and 1184.

The Debtor commenced operations in May 2020 as a decentralized, portable, scalable solution to testing labs that was able to provide results in 24 hours or less.   The Debtor currently operates testing centers in California, Florida, Georgia, New York, Nevada and Guam.   The Debtor also operates out of its corporate offices in Long Beach.  The Debtor was born out of the inability of the traditional health care system to keep up with the demand for timely results for COVID testing, resulting in people waiting days and weeks for test results, which delayed treatment and increased inefficiencies in the healthcare industry.  The Debtor's rapid turnaround-time on lab results was crucial to the travel and tourism industry during the COVID period as the Debtor provided services at major airports in the United States, the Los Angeles County Jails, and various schools and community centers.  The Debtor also saw a need to bring testing to underserved communities, and, as a result, the Debtor established collection sites with faith-based and non-profit organizations in South Los Angeles, Brooklyn, and the San Francisco Peninsula.

As the world was coming out of the COVID crisis, the Debtor utilized its experience to expand and enhance its range of services. Specifically, the Debtor has been transitioning from COVID testing to post-pandemic general medical diagnostic services through its earnings generated by the COVID testing along with debt from two (2) primary lenders.

The Debtor employs approximately 43 employees (not including insiders). Some of the personnel are compensated on a W-2 basis while others are compensated on a 1099 basis. WSL's personnel are primarily paid via a payroll service that WSL contracts with and utilizes Gusto for US employees and Paylocity for Guam employees which provides payroll and human resources services to WSL. In the normal course of its relationship with the payroll processor, WSL transfer to the payroll processes funds necessary for the payment of compensation by the payroll date and remits all withheld amounts and payroll taxes. Unfortunately, based on the issues discussed above, WSL was unable to make the last payroll and the second unpaid payroll is coming up.

On July 28, 2023, WSL will owe compensation to employees for the prior two payroll periods (6/12/23-6/25/23 and 7/10/23 – 7/23/2023), which includes a pre-petition portion of June 12-July 19, 2023. The total compensation due to non-insider employees on July 28, 2023, including all payroll taxes, insurance obligations and 401(k) contributions will be approximately $687,537. A true and correct copy of the payroll schedule showing all amounts required to be paid for the pre-petition and post-petition period is attached to the omnibus Declaration of Gary Frazier (filed concurrently herewith) as **Exhibit "E"**. As evidenced by the attached, no person will receive compensation in excess of the statutory cap provided for in 11 U.S.C. §507.

GUSTO requires the Debtor to wire funds sufficient to cover the Wages at least two (2) days prior to disbursements to employees. The Debtor therefore requests expedited relief to ensure that they are able to timely fund their payroll obligations to their employees.

WSL seeks court authority to compensate its non-insider personnel to (i) minimize the personal financial hardship that all of its employees will suffer if the compensation not immediately paid/honored since the last payroll was already missed; (ii) avoid the unnecessary delay in the payment of such priority claims, which delay will negatively impact and interfere

3

with the administration of this chapter 11 bankruptcy case; and (iii) avoid the unfair and unintended consequences to the employees of the timing of WSL's bankruptcy filing and to ensure that additional claims do not arise against WSL as a result of its failure to compensate its employees.

The source of the funds to be used to pay and/or honor the Wages will be the Debtor's cash, which constitutes the cash collateral of AB Lending SPV I LLC, dba Mountain Ridge Capital. Concurrently herewith, the Debtor have filed an emergency motion for authority to use cash collateral.

The Debtor have brought this Motion to (i) minimize the personal financial hardship that all of their employees will suffer if the Wages are not immediately paid/honored by the Debtor; (ii) avoid the unnecessary delay in the payment of such priority claims, which delay will negatively impact and interfere with the administration of the Debtor's chapter 11 bankruptcy case; and (iii) avoid the unfair and unintended consequences to the employees of the timing of the Debtor's bankruptcy filing and to ensure that additional claims do not arise against the Debtor as a result of the Debtor's failure to pay the Wages.

Additionally, the Debtor requires the services of the employees to continue to operate, and would like to ensure that their employees remain incentivized and willing to work for the Debtor post-petition. It is crucial for the Debtor to retain at this time the employees to operate their business, particularly during this crucial beginning phase of the Debtor's bankruptcy case, where additional administrative and other obligations are imposed upon the Debtor. If the Debtor do not continue to pay the employees their ordinary and earned Wages and continue to honor employee benefits, the employees will likely quit. Without the employees, the Debtor's business will be severely impaired, if not eviscerated altogether. Based on the foregoing, the Debtor respectfully submit that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

**ADDITIONAL INFORMATION**

This Motion is based upon Local Bankruptcy Rules 2081-1(a)(6) and 9075-1, 11 U.S.C. §§ 105(a), 363(b)(1) and (c)(1), and 507(a)(4), and Rule 6003 of the Federal Rules of

4

Bankruptcy Procedure, the supporting Memorandum of Points and Authorities, the Declaration of Gary Frazier attached hereto, the arguments and statements of counsel made at the hearing on this Motion, and other admissible evidence properly brought before the Court.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, the Debtor have served this Motion upon the Office of the United States Trustee, their respective twenty largest general unsecured creditors, and their secured creditor via overnight mail. Additional hard copies or electronic copies of this Motion are available upon request to proposed counsel for the Debtor, whose contact information is located on the upper-left hand corner of the first page of this Motion.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

(1) granting this Motion in its entirety;

(2) authorizing the Debtor to pay and/or honor all pre-petition Wages of the Debtor' employees;

(3) authorizing the Debtor to honor paid time off and leave benefits in the ordinary course of business;

(4) authorizing the Debtor to pay all taxes constituting, related to, or in connection with, the Wages; and

granting such other and further relief as the Court deems just and proper.

Dated: July 26, 2023                    WORKSITE LABS, INC.


                                        By:  /s/ Anthony A. Friedman
                                            DAVID B. GOLUBCHIK
                                            ANTHONY A. FRIEDMAN
                                            J.P. FRITZ
                                            LEVENE, NEALE, BENDER, YOO
                                              & GOLUBCHIK L.L.P.
                                            Proposed Attorneys for Debtor and
                                            Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**PLEASE SEE THE OMNIBUS DECLARATION OF GARY FRAZIER FOR BACKGROUND FACTS AND INFORMATION REGARDING THIS CASE, WHICH THE DEBTOR INCORPORATES HEREIN BY THIS REFERENCE.**

**A.  Payment Of The Debtor' Employees' Wages.**

1. The Debtor employs approximately 43 employees (not including insiders). Some of the personnel are compensated on a W-2 basis while others are compensated on a 1099 basis. WSL's personnel are primarily paid via a payroll service that WSL contracts with and utilizes Gusto for US employees and Paylocity for Guam employees which provides payroll and human resources services to WSL. In the normal course of its relationship with the payroll processor, WSL transfer to the payroll processes funds necessary for the payment of compensation by the payroll date and remits all withheld amounts and payroll taxes. Unfortunately, based on the issues discussed above, WSL was unable to make the last payroll and the second unpaid payroll is coming up.

2. On July 28, 2023, WSL will owe compensation to employees for the prior two payroll periods (6/12/23-6/25/23 and 7/10/23 – 7/23/2023), which includes a pre-petition portion of June 12-July 19, 2023. The total compensation due to non-insider employees on July 28, 2023, including all payroll taxes, insurance obligations and 401(k) contributions will be approximately $687,537. A true and correct copy of the payroll schedule showing all amounts required to be paid for the pre-petition and post-petition period is attached to the omnibus Declaration of Gary Frazier (filed concurrently herewith) as Exhibit "E". As evidenced by the attached, no person will receive compensation in excess of the statutory cap provided for in 11 U.S.C. §507.

3. GUSTO requires the Debtor to wire funds sufficient to cover the Wages at least two (2) days prior to disbursements to employees. The Debtor therefore requests expedited relief to ensure that they are able to timely fund their payroll obligations to their employees.

**B.    Relief Requested In This Motion.**

1.    WSL seeks court authority to compensate its non-insider personnel to (i) minimize the personal financial hardship that all of its employees will suffer if the compensation not immediately paid/honored since the last payroll was already missed; (ii) avoid the unnecessary delay in the payment of such priority claims, which delay will negatively impact and interfere with the administration of this chapter 11 bankruptcy case; and (iii) avoid the unfair and unintended consequences to the employees of the timing of WSL's bankruptcy filing and to ensure that additional claims do not arise against WSL as a result of its failure to compensate its employees.

2.    The source of the funds to be used to pay and/or honor the Wages will be the Debtor's cash, which constitutes the cash collateral of AB Lending SPV I LLC, dba Mountain Ridge Capital. Concurrently herewith, the Debtor have filed an emergency motion for authority to use cash collateral.

3.    The Debtor have brought this Motion to (i) minimize the personal financial hardship that all of their employees will suffer if the Wages are not immediately paid/honored by the Debtor; (ii) avoid the unnecessary delay in the payment of such priority claims, which delay will negatively impact and interfere with the administration of the Debtor's chapter 11 bankruptcy case; and (iii) avoid the unfair and unintended consequences to the employees of the timing of the Debtor's bankruptcy filing and to ensure that additional claims do not arise against the Debtor as a result of the Debtor's failure to pay the Wages.

4.    Additionally, the Debtor requires the services of the employees to continue to operate, and would like to ensure that their employees remain incentivized and willing to work for the Debtor post-petition. It is crucial for the Debtor to retain at this time the employees to operate their business, particularly during this crucial beginning phase of the Debtor's bankruptcy case, where additional administrative and other obligations are imposed upon the Debtor. If the Debtor do not continue to pay the employees their ordinary and earned Wages and continue to honor employee benefits, the employees will likely quit. Without the employees, the Debtor's business will be severely impaired, if not eviscerated altogether. Based on the

7

foregoing, the Debtor respectfully submit that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

## II.

## **DISCUSSION**

Sections 105(a) and 363(b)(1) and (c)(1) and the "necessity of payment" doctrine provide statutory support for the requested relief. Specifically, § 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to use property of the estate other than in the ordinary course of business after notice and a hearing; and § 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession to enter into transactions in the ordinary course of business without notice and a hearing. Local Bankruptcy Rule 2081-1(a)(6) also expressly permits a debtor to seek to pay prepetition employee obligations.

Moreover, the obligations that the Debtor requests authority to pay and/or honor are entitled to priority in payment under §§ 507(a)(4), (5) and (8)(D).

**A.    The Court Should Authorize The Debtor To Pay/Honor All Of The Pre-Petition Wages To Their Employees.**

Pursuant to Section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The basic purpose of Section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid in their jurisdiction." 2 *Collier on Bankruptcy* ¶ 105.01 at 105-3 (15th ed. rev. 1998). Essentially, Section 105(a) codifies the bankruptcy court's inherent equitable powers. *See Green v. Drexler (In re Feit & Drexler, Inc.)*, 760 F.2d 406 (2d Cir. 1985).

Where business exigencies require, courts have authorized Debtor to pay the pre-petition claims of particular creditors. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989). The "Necessity of Payment Rule" empowers a court to authorize a debtor to pay pre-petition claims essential to continued operations. *Id.* at 175-76, *citing Miltenberger v. Logansport, C. & S. W. R. Co.*, 106 U.S. 286 (1882):

> "The 'necessity of payment' doctrine permits immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their pre-reorganization claims have been paid."

*Ionosphere Clubs*, 98 B.R. at 176, *quoting In re Leigh and New England Railway Company*, 657 F.2d 570, 581 (3rd Cir. 1981). This rule applies in all chapter 11 cases because "the rationale for the necessity of payment rule, i.e., facilitating the continued operation and rehabilitation of the debtor . . . is . . . a paramount goal of chapter 11." *Ionospere Clubs*, 98 B.R. at 176, citing *Dudley v. Mealey*, 147 F.2d 268 (2d Cir. 1945), *cert. den'd*, 325 U.S. 873 (1945). Therefore, where continued operation and rehabilitation of the debtor require payment of pre-petition wages, the Court may authorize such payment under Sections 363 (b) and/or 105(a) of the Bankruptcy Code.

In *Armstrong World Industries, Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 394 (S.D.N.Y. 1983), the district court recognized the "special status" of suppliers holding unstayed lien rights, and authorized the debtor to pay their claims in the ordinary course of its business activities. *See also Dave Noake, Inc. v. Harold's Garage, Inc. (In re Dave Noake, Inc.)*, 45 B.R. 555 (Bankr. D. Vt. 1984) (rejecting a challenge under section 549 to post-petition payments made to creditor holding lien rights under local law). Similarly, one former bankruptcy judge has recognized that when "confronted with special circumstances . . . particularly in the early stages of the case, a court may preserve the potential for rehabilitation." Ordin, *Finality of Order of Bankruptcy Court*, 54 Am. Bankr. L.J. 173 (1980).

In *In re Gulf Air, Inc.,* 112 B.R.152 (Bankr. W.D. La. 1989), the court noted that cases decided both under the Act and the Code have recognized the "necessity of payment" doctrine under which payment of pre-petition employee claims is authorized prior to the time a plan of reorganization is confirmed so long as absent such payment there is a risk that the services of key employees will be lost to the debtor and without such employees, the debtor's going concern value will be impaired. *Id.* at 153.

Moreover, the United States Supreme Court in *Czyzewski v. Jevic Holding Corp.* has recognized that courts "[approve] interim distributions that violate ordinary priority rules," generally when there are "significant Code-related objective that priority-violating distributions serve," including "payment of employees' prepetition wages." 137 S.Ct. 973, 985 (2017).

The Debtor submit that to ensure that their employees remain incentivized to work for the Debtor post-petition, and maintain their morale at this critical time, all of the Wages must be immediately honored/paid by the Debtor.

**B.     Sufficient Evidence Has Been Provided, In Compliance With Local Bankruptcy Rule 2081-1(a)(6), To Grant The Relief Requested Herein.**

Local Bankruptcy Rule 2081-1(a)(6) provides that motions to pay pre-petition payroll and to honor pre-petition employment procedures must be supported with evidence that establishes:

(i)     The employees are still employed;

(ii)    The necessity for payment;

(iii)   The benefit of the procedures;

(iv)    The prospect of reorganization;

(v)     Whether the employees are insiders;

(vi)    Whether the employees' claims are within the limits established by 11 U.S.C. § 507; and that

(vii)   The payment will not render the estate administratively insolvent.

The foregoing factors are discussed individually below:

1.   <u>The employees are still employed</u>.  As set forth in the omnibus Declaration of Gary Frazier (filed concurrently herewith), all of the employees are current employees, and are anticipated to continue to work for the Debtor post-petition.

2.   <u>The necessity for payment</u>.  The Debtor believe that the employees will quit and if the employees are not paid their Wages immediately.  The Debtor believe that the retention of their employees is crucial to (i) the Debtor' continued operations without interruptions, (ii)

10

preserve and maximize the value of the Debtor' assets, and (iii) maximize the recovery for the Debtor' creditors.

3.  <u>The benefit of the procedures</u>.  The benefit of the procedures requirement is not relevant to the request to pay the Wages to the employees.

4.  <u>The prospect of reorganization</u>.  The Debtor believes that they will be able to conduct a successful sale of their assets within an expedited timeframe, but in order to do so and generate the most money possible, the Debtor require the continued services of their employees while the Debtor conduct a sale process.

5.  <u>Whether the employees are insiders</u>.  The Debtor are not requesting authority to pay any pre-petition claims of any insiders.

6.  <u>Whether the employees' claims are within the limits established by 11 U.S.C. § 507</u>.  All of the Wages are within the $15,150 limit established by 11 U.S.C. § 507(a)(4). Notwithstanding the foregoing, the Motion expressly provides that none of the employees shall receive more than the $15,150 statutory limit on account of their pre-petition priority claims. Furthermore, based on the information currently available and analysis to date, the Debtor anticipate that all priority claims will get paid in full in this case such that payment of the Wages to the employees is simply a matter of timing.

7.  <u>The payment will not render the estates administratively insolvent</u>.  Based on the information currently available and analysis to date, the Debtor do not believe that the payment of the Wages will render this bankruptcy estate administratively insolvent.  As indicated in the cash collateral budget addressed in the concurrently filed emergency cash collateral motion, the Debtor have sufficient funds available to them to pay the Wages.

**C.    Applicable Bankruptcy and Non-Bankruptcy Law Requires Payment and Continuation of Certain of the Employer Obligations.**

A portion of the Wages constitutes payroll taxes, which are required to be withheld from earnings and paid to taxing agencies.  If the Debtor do not remit those amounts, the employees may face legal action, and the Debtor may be burdened by inquiries and disputes concerning the Debtor' failure to submit legally required payments and potentially penalties and interest to the

various taxing agencies. Further, most, if not all, of the unremitted taxes constitute monies held in trust and are not property of the Debtor' bankruptcy estates. With respect to any such amounts held in trust, the Debtor submit they are both entitled and required to continue directing such funds to the appropriate parties. *See In re Energy Res. Co., Inc.*, 871 F.2d 223, 225 (1st Cir. 1989) (observing that federal law requires employers to hold withheld funds in trust for the United States); *DuCharmes & Co. v. Mich. (In re DuCharmes & Co.)*, 852 F.2d 194, 195-96 (6th Cir. 1988) (noting that "individual officials of an employer who fail to pay over [federal withholding] taxes have been withheld are subject to personal liability"). Accordingly, the Debtor request authority to remit the withheld amounts to the appropriate taxing agencies.

**D.** **The Relief Requested Herein Is Necessary To Avoid Immediate And Irreparable Harm And Is Therefore Warranted Under Rule 6003 Of The Federal Rules Of Bankruptcy Procedure.**

Rule 6003 of the Federal Rules of Bankruptcy Procedure states, in relevant part:
> "Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 20 days after the filing of the petition, grant relief regarding the following:
>
> [...]
>    (b)    a motion to use, sell, lease, or otherwise incur an obligation, regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001; [...]."

Fed. R. Bankr. Pro. 6003.

For the reasons noted above, the Debtor's failure to pay the Wages will likely result in severe disruptions to the Debtor' essential operations and may jeopardize the Debtor's ability to preserve and maximize the value of their operations and assets for the benefit of their creditors. Accordingly, the Debtor respectfully submit that the honoring or payment of the Wages is necessary to avoid immediate and irreparable harm, and is therefore warranted under Rule 6003 of the Federal Rules of Bankruptcy Procedure.

/ / /

/ / /

/ / /

## III.

## **CONCLUSION**

Based upon all of the foregoing, the Debtor respectfully request entry of an order:

(1) granting this Motion in its entirety;

(2) authorizing the Debtor to pay and/or honor all pre-petition Wages of the Debtor's employees;

(3) authorizing the Debtor to honor paid time off and leave benefits in the ordinary course of business;

(4) authorizing the Debtor to pay all taxes constituting, related to, or in connection with, the Wages; and

(5) granting such other and further relief as the Court deems just and proper.

Dated: July 26, 2023                              WORKSITE LABS, INC.


By:  /s/ *Anthony A. Friedman*
      DAVID B. GOLUBCHIK
      ANTHONY A. FRIEDMAN
      J.P. FRITZ
      LEVENE, NEALE, BENDER, YOO
        & GOLUBCHIK L.L.P.
      Proposed Attorneys for Debtor and
      Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 2818 La Cienega Avenue, Los Angeles, California 90034.

A true and correct copy of the foregoing document entitled **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO HONOR AND/OR PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS, AND VACATION, LEAVE AND OTHER BENEFITS, AND REIMBURSEABLE EXPENSES; AND HONOR AND/OR PAY RELATED PAYROLL TAXES AND WORKERS' COMPENSATION INSURANCE COSTS; AND MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 26, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com**
- **Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com**
- **Kelly L Morrison    kelly.l.morrison@usdoj.gov**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**2. SERVED BY UNITED STATES MAIL**: On **July 26, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.[1]

Hon. Vincent P. Zurzolo
United States Bankruptcy Court
255 E. Temple St, Suite 1360
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 26, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Serve via Email**
Chambers_VZurzolo@cacb.uscourts.gov
hwinsberg@phrd.com
mweiss@phrd.com
bharvey@buchalter.com
lgarner@phrd.com
sgubner@bg.law

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 26, 2023** | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Worksite Labs, Inc.
20 Largest Creditors +
File #10123

| | | |
|---|---|---|
| McKesson Medical Surgical<br>9954 Maryland Dr<br>Ste 4000<br>Henrico, VA 23233 | Orchard Software<br>701 Congressional Blvd<br>Ste 360<br>Carmel, IN 46032 | Rapid Acceleration Partners, Inc.<br>2251 Longview Rd<br>Irving, TX 75063 |
| Lumira DX<br>221 Crescent St<br>Watham, MA 02453 | Siemens Healthcare Diagnostics<br>221 Gregson Dr<br>Cary, NC 27511 | Medical Practice Partner LLC<br>PO Box 2877<br>Riverview, FL 33568-2877 |
| Randstad Healthcare<br>3625 Cumberland Blvd<br>Suite 300<br>Atlanta. GA 30339 | BairesDev<br>800 W. El Camino Real, Suite 180<br>Mountain View, CA 94040 | American Express<br>P.O. Box 981535<br>El Paso, TX  75265-0448 |
| SalesCatcher LLC<br>2133 W Chapman Ave<br>Suite L<br>Orange CA 92868 | Abbott Laboratories Inc<br>PO Box 92679<br>Chicago, IL 60675-2679 | Rebulld California Alliance<br>7722 Avalon Blvd<br>Los Angeles, CA 90003 |
| Labcorp<br>PO Box 12140<br>Burlington, NC 27216 | Dotted Line Collaborations<br>8000 Franklin Fanns Dr<br>Ste 100<br>Henrico VA 23229 | Hanna Construction<br>1203 W Shelly Ct<br>Orange, CA 92868-1240 |
| Beam & Associates<br>787 N Lincoln St<br>Orange CA 92867 | Life Technologies Corporation<br>12088 Collections Center Drive<br>Chicago, IL 60693 | Strategic Medical Properties, Inc<br>1810 S El Camino Real, Ste C<br>San Clemente, CA 92672 |
| Greenberg Traurig<br>401 E Las Olas Blvd, Ste 2000<br>Ft Lauder dale, FL  33301 | Reliance Law Group<br>10000 Washington Blvd, Flr 6<br>Culver City, CA 90232 | First Republic Bank<br>111 PINE STREET<br>SAN FRANCISCO, CA 94111 |
| First Republic Bank<br>C/O Agent For Service, Becky Degeorge<br>2710 Gateway Oaks Drive<br>Sacramento, Ca 95833 | Bank Of Hawaii<br>130 Merchant Street<br>Honolulu, Hi 96813 | Bank Of Hawaii<br>C/O Agent For Service, Jackson Yang<br>720 14th St<br>Sacramento, Ca 95814 |
| LendSpark Corporation<br>2554 Gateway Road<br>Carlsbad, Ca 92009 | | |