DAVID B. GOLUBCHIK (SBN 185520)
ANTHONY A. FRIEDMAN (SBN 201955)
JOHN-PATRICK M. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA  90034
Telephone: (310) 229-1234
Fax: (310) 229-1244
Email: DBG@LNBYG.COM, AAF@LNBYG.COM, JPF@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**FILED & ENTERED**

**JUL 28 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY vandenst DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>WORKSITE LABS, INC.,<br><br>Debtor and Debtor in Possession, | Case No.: 2:23-bk-14539-VZ<br><br>Chapter 11 Case<br>Subchapter V<br><br>**INTERIM ORDER:**<br><br>**(I) AUTHORIZING DEBTOR TO (A) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364 AND (B) UTILIZE CASH COLLATERAL OF PREPETITION SECURED ENTITIES PURSUANT TO 11 U.S.C. § 363;**<br>**(II) SCHEDULING A FINAL HEARING; AND**<br>**(III) GRANTING RELATED RELIEF**<br><br>Hearing:<br>DATE:    July 27, 2023<br>TIME:    11:00 a.m.<br>PLACE:   Courtroom 1368<br>             255 East Temple Street<br>             Los Angeles, CA 90012 |

1

1         On July 27, 2023, at 11:00 a.m., the Honorable Vincent P. Zurzolo, United States Bankruptcy Judge for the Central District of California (the "Court") held an interim hearing (the "Interim Hearing") on an emergency basis to consider that certain "Debtor's Emergency Motion for an Order: (I) Authorizing Debtor to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. § 364 and (B) Utilize Cash Collateral of Prepetition Secured Entities Pursuant to 11 U.S.C. § 363; (II) Scheduling a Final Hearing; and (III) Granting Related Relief" (the "Motion") [ECF 15] filed by Worksite Labs, Inc., a Delaware corporation (the "Debtor"), the debtor and debtor in possession in the above-referenced Chapter 11 bankruptcy case (the "Case"). Appearances were made as set forth on the record of the Court at the Interim Hearing.

The Court, having read and considered the Motion, the declaration of Gary Frazier (the "Declaration") filed separately and concurrently in support of the Motion, the budget (the "Budget") attached as Exhibit B to docket entry number 25, the term sheet (the "Term Sheet") attached as Exhibit A to docket entry number 25, which Term Sheet sets forth the terms of the proposed post-petition financing (the "DIP Loan") between the Debtor and AB Lending SPV I LLC, a Delaware limited liability company d/b/a Mountain Ridge Capital (the "Lender"), and all pleadings filed in support of the Motion, the record in the Case, the docket in the Case, and for good cause appearing, therefor,

**HEREBY FINDS AS FOLLOWS:**

A.    The Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and that this Court may enter a final order consistent with Article III of the United States Constitution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The statutory bases for the relief requested in the Motion are (i) sections 361, 363(b), (c), and (e), and 364(c), (d), and (e) of title 11 of the United States Code (the "Bankruptcy Code"); (ii) Rules 2002(a)(2), 4001(b) and (c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iii) Rules 2081-1(a)(9), 4001-2, 9013-1, 9075-1 of the Local Bankruptcy Rules for the Central District of California (the "Local Bankruptcy Rules")

C.    The Notice of the Motion and Hearing and the relief sought in the Motion, and the

time fixed for filing objections to the Motion was good and proper and adequate under applicable rules and the circumstances of the Case, and no further notice is necessary or appropriate prior to entry of this Interim Order granting the Motion. A reasonable opportunity to object and be heard regarding the relief provided herein has been afforded to all parties-in-interest.

D. Approval of the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing, and approval of the interim relief is fair and reasonable and in the best interests of the Debtor, its estate, and all parties-in-interest, and is essential for the continued operation of the Debtor's business and the preservation of the value of the Debtor's assets.

E. Entering into the post-petition financing is a sound and prudent exercise of the Debtor's business judgment.

F. The Lender extended the DIP Loan in good faith and is entitled to the protections of 11 U.S.C. § 364(e).

G. There is good cause to grant the Motion on an interim basis pending a final hearing; and

**HEREBY ORDERS AS FOLLOWS:**

1. The Motion is granted as set forth in this Interim Order on an interim basis. Capitalized terms not defined herein shall have the meaning set forth in the Term Sheet.

2. Any objections, reservations of rights, or other statements with respect to entry of this Interim Order, to the extent not withdrawn or resolved, are overruled on the merits.

3. This Interim Order shall become effective immediately upon its entry.

4. The Term Sheet (and the proposed financing contained in the Term Sheet) is hereby approved in its entirety.

5. The interim financing, in the amount set forth in the Budget through the date of the Final Hearing, not to exceed the Credit Limit, may be advanced by the Lender to the Debtor.

6. Pursuant to 11 U.S.C. §§ 364(c) and (d), the obligations pursuant to the DIP Loan, including, without limitation, principal, accrued interest, and all other obligations and amounts due from time to time are hereby immediately secured (without any further filings) by valid,

binding, continuing, enforceable, fully perfected, and unavoidable <u>first priority security interests and liens</u> (the "<u>DIP Liens</u>") in and on all prepetition and postpetition property and assets of the Debtor (the "<u>Collateral</u>"), <u>provided</u>, <u>however</u>, that the DIP Liens shall not extend or attach to, and the Collateral shall not include, causes of action under Chapter 5 of the Bankruptcy Code, including without limitation Sections 502(d), 544, 545, 547, 548, 549 and 550, any other avoidance actions under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and the proceeds thereof, whether real or personal, tangible or intangible, and wherever located, and whether now existing or hereafter acquired, including proceeds, products, offspring, rents and profits thereof. For the avoidance of doubt, the Lender shall have a first priority DIP Lien on any and all claims and causes of action against Medical Practice Partners, LLC.

7. The DIP Obligations shall be entitled to administrative priority status under Sections 364(c)(1) and 503(b) of the Bankruptcy Code.

8. The Lender is entitled to the protections of a good faith lender pursuant to 11 U.S.C. § 364(e).

9. The Debtor is authorized to use cash collateral (as defined under 11 U.S.C. § 363) in accordance with the Budget, as may be amended from time to time, with the consent of the Lender.

10. As adequate protection for the use of cash collateral, all secured creditors shall receive replacement liens on post-petition assets of the Debtor with the same validity, extent and priority as they were entitled to immediately prior to the bankruptcy filing, subject to the provisions of the DIP Loan and the terms of this Order.

11. The automatic stay imposed by Section 362 is vacated and modified solely to the extent necessary to implement and effectuate the terms and provisions of the DIP Loan.

12. A final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on August 22, 2023, at 11:00. a.m.

13. The deadline to file a written opposition shall be no later than 14 days prior to the Final Hearing, in accordance with the Local Bankruptcy Rules.

14. The deadline for the Debtor to file a written reply to opposition (if any) shall be no later than 7 days prior to the Final Hearing, in accordance with the Local Bankruptcy Rules.

**SO ORDERED.**

###

Date: July 28, 2023

_____
Vincent P. Zurzolo
United States Bankruptcy Judge

*Respectfully submitted*

Dated: July 28, 2023  WORKSITE LABS, INC.

By: ___/s/ David B. Golubchik___
    DAVID B. GOLUBCHIK
    ANTHONY A. FRIEDMAN
    JOHN-PATRICK M. FRITZ
    LEVENE, NEALE, BENDER, YOO
     & GOLUBCHIK L.L.P.
Proposed Attorneys for Debtor and
Debtor in Possession