DAVID B. GOLUBCHIK (SBN 185520)
ANTHONY A. FRIEDMAN (SBN 201955)
JOHN-PATRICK M. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Fax: (310) 229-1244
Email: dbg@lnbyg.com, aaf@lnbyg.com, jpf@lnbyg.com

Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:23-bk-14539-VZ |
| WORKSITE LABS, INC., | Chapter 11 Case |
| Debtor and Debtor in Possession. | [Subchapter V] |
| | **DEBTOR-IN-POSSESSION'S REPORT ON STATUS OF SUBHAPTER V CASE; DECLARATIONS OF GARY FRAZIER AND DAVID GOLUBCHIK IN SUPPORT THEREOF** |
| | Subchapter V Status Conference: |
| | Date:           September 14, 2023 |
| | Time:           10:00 a.m. |
| | Courtroom:   1368 |
| | Location:     255 E. Temple Street |
| | Los Angeles, California |

1

**TO THE HONORABLE VINCENT P. ZURZOLO; SECURED CREDITORS AND THEIR COUNSEL OF RECORD; THE TWENTY LARGEST CREDITORS HOLDING UNSECURED CLAIMS; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

Worksite Labs, the debtor and debtor in possession in the above-referenced Chapter 11 bankruptcy case ("Debtor"), hereby submits its report on the status of the Debtor's reorganization case pursuant to the Court's *Order: (1) Setting Conference On Status Of Subchapter V Case; (2) Requiring Debtor-In-Possession To Appear At Status Conference And File Report On Status Of Subchapter V Case, Or Face Possible (A) Conversion Of Case To Chapter 7; or (B) Dismissal Of Case; (3) Requiring Subchapter V Trustee To Appear At Status Conference And File Report On Status Of Trustee's Duties; (4) Requiring Compliance With Standards Re Employment And Fee Applications; (5) Giving Notice Of Probable Use Of Court-Appointed Expert Witness For Contested Valuation Requests; (6) Mandating Use Of Forms For Subchapter V Plan and Pertinent Motions; And (7) Establishing Procedure For Motion For Order Confirming Subchapter V Plan* entered on July 21, 2023.

**A. Estimate for Filing Plan and Motion to Confirm Plan. Provide an estimate of when the Debtor will file (1) a plan of reorganization ("Plan") within the time frame of 11 U.S.C. § 1189(b), which is October 18, 2023 unless the deadline is extended for cause, and (2) a motion for order confirming chapter 11 plan ("Confirmation Motion").**

As the Court is aware based on prior disclosures, this case was prompted, in large part, by the failure of a third party biller to process the Debtor's bills. Since commencement of the case, the Debtor has moved that process in-house, while discussing with litigation counsel the pursuit of claims against the third party biller.

In addition to the foregoing, the Debtor has been focused on improving its operations for the benefit of all creditors. One of the Debtor's new contracts (Halo) is scheduled to go live first week of October 2023 (delayed from September 2023). In addition, the Debtor is completing its buildout of operations in Guam, which will further improve operations. While the Debtor is

hopeful that it will have a better indication of operations by the deadline of October 18, 2023 to timely file a plan of reorganization, in the event there are delays, the Debtor intends to timely file a motion to extend such deadline, which the Debtor understands requires a showing of "cause".

Promptly upon filing its plan of reorganization, the Debtor will also file its Confirmation Motion.

**B. Objections to Claims. State whether a deadline should be set for hearings on objections to claims to be held and, if so, what that deadline should be; the proposed deadline should take into account General Order 20-01, which sets two deadlines to file proofs of claim: (1) 70 days after the order for relief for all other claims (*September 28, 2023*); and (2) 80 days after the order for relief for claims filed by governmental units (*January 16, 2024*).**

In light of the fact that the Debtor engages in business operations with governmental entities, it is likely that there will be more governmental claims asserted in this case than others. As a result, the Debtor proposes to schedule a deadline for hearings on objections to claims after the bar date for governmental units. Assuming such bar date of January 16, 2024, the Debtor anticipates it will require approximately 45 days thereafter to consider and analyze all such claims, which would be end of February 2023. Based on the foregoing, the Debtor proposes a deadline of April 30, 2024 for hearing on objections to claims.

**C. Estimated Deadline for § 1111(b) Election. Propose a deadline for a creditor to make an election under 11 U.S.C. § 1111(b).**

The Debtor proposes a deadline of 14 days prior to the Plan confirmation hearing for a creditor to make an election under 11 U.S.C. § 1111(b).

**D. Debtor's Duties. Disclose whether the Debtor has performed all of its duties under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 and 1187 [including § 308(b)]; if not, why not.**

To the best of Debtor's knowledge, Debtor has performed all of its duties under applicable Rules and Code sections. As the Court is aware, the Debtor has not closed all pre-petition bank accounts, which was permitted pursuant to order of this Court on a temporary basis

(120 days) without prejudice to seeking a further extension of time.  The Debtor intends to remain in compliance with its obligations and promptly cure any deficiencies that may arise.

**E. Pre-Confirmation Payments. Disclose whether the Debtor has transmitted preconfirmation payments and funds to the Subchapter V trustee as is allowed under 11 U.S.C. § 1194.**

The Debtor has not transmitted such payments to the Subchapter V Trustee.  The Trustee and other professionals will include their fee requests in properly noticed fee applications and hearing thereon.

**F. Litigation and Post-Petition Operations. Describe concisely the post-petition operations of the Debtor (including authority to use cash collateral), litigation in which the Debtor is involved, and the status of the Debtor's efforts to reorganize.**

Upon commencement of this case, the Debtor filed numerous "First Day" motions including, without limitation, a motion for post-petition financing from its senior lender. Pursuant to the motion, the lender provided a line of $2.9 million, which satisfied the pre-petition obligation of approximately $1.7 million, with an additional $1.2 million line subject to formula re: availability.  Although certain disputes have arisen, the Debtor has continued to work with the lender in good faith to address issues.  As a result, operations are continuing.

On August 22, 2023, a continued hearing was held on interim use of cash collateral and financing, which were approved through and including October 13, 2023.  A continued hearing was also scheduled for October 10, 2023.

At this time, there is no litigation.  However, as discussed above and elsewhere, the Debtor intends to pursue claims against its third party biller.  The debtor is finalizing its discussions with proposed litigation counsel and an application to employ counsel will be filed shortly.

**G. Professionals and Fee Budget. Disclose whether Debtor has hired -- *or intends to hire* -- any professionals and, if so, whether the professional's employment has been approved by the Court.**

The Debtor has filed an application to employ Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG") as general bankruptcy counsel. The order approving LNBYG's employment was entered on August 29, 2023.

In addition, the Debtor filed an application to employ Reliance Law Group LLP ("Reliance") as special corporate counsel. The deadline to oppose the application has passed and a declaration re: no objection and proposed order have been filed with the Court. Such order is pending.

Finally, as discussed above, the Debtor intends to employ special litigation counsel to prosecute claims against the third party biller. Once the terms are finalized, an application will be promptly filed with the Court.

Proposed budgets for LNBYG and Reliance are attached to the accompanying Declaration of David B. Golubchik as **Exhibits "A"** and **"B"**, respectively.

Dated: August 31, 2023                              WORKSITE LABS, INC.

                 By:  /S/ David B. Golubchik
                    DAVID B. GOLUBCHIK
                    LEVENE, NEALE, BENDER, YOO
                     & GOLUBCHIK L.L.P.
                    Attorneys for Debtor and
                    Debtor in Possession

**DECLARATION OF GARY FRAZIER**

I, GARY FRAZIER, hereby declare under penalty of perjury as follows:

1. I am the Chief Executive Officer of Worksite Labs, Inc ("WSL" or "Debtor"), and I have held this position since May 2020, when WSL was formed. I am responsible for the day-to-day management and oversight of the finance functions of the Debtor. My duties comprise of general management across the following areas of responsibility: finance; accounting (oversight of controller function); tax; banking relationship management; management of external auditors and oversight of human resources functions, including employee relations, recruiting, payroll and compliance. I have personal knowledge of the facts set forth in this Declaration and if called as a witness, could and would testify competently with respect thereof.

2. I make this declaration in support of the Debtor's report on the status of the Debtor's Subchapter V Case (the "Status Report"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Status Report.

3. WSL is a Delaware corporation. WSL commenced this case by filing a voluntary petition under Chapter 11 of 11 U.S.C. ("Bankruptcy Code") on July 20, 2023. WSL has elected to proceed under the Subchapter V election. WSL is managing its affairs as a debtor in possession.

4. WSL commenced operations in May 2020 as a decentralized, portable, scalable solution to testing labs that was able to provide results in 24 hours or less. WSL was born out of the inability of the traditional health care system to keep up with the demand for timely results for COVID testing, resulting in people waiting days and weeks for test results, which delayed treatment and increased inefficiencies in the healthcare industry. WSL's rapid turnaround was crucial to the travel and tourism industry during the COVID period as WSL provided services at major airports in the US, the LA County Jails and various schools and community centers. WSL also saw a need to bring testing to underserved communities. As a result, WSL established

collection sites with faith based and non-profit organizations in South Los Angeles, Brooklyn and the San Francisco Peninsula.

5. WSL currently operates testing centers in California, New York, Nevada and Guam. WSL also operates out of its corporate offices in Long Beach.

6. Since its inception in 2020, WSL has achieved substantial milestones:

- WSL filled a major COVID-19 testing gap, creating vital access to care during a critical moment in the country's history;
- WSL helped keep the $1 trillion-plus international tourism industry afloat with one-to-one travel testing services;
- WSL supported public and private organizations – including schools, airports and airlines – with optimized, scalable testing solutions;
- WSL served vulnerable populations with comprehensive health services at our community sites; and
- WSL sent a fully equipped laboratory to Ukraine to provide services for civilians and troops.

7. As the world was coming out of the COVID crisis, WSL utilized its experience to expand and enhance its range of services. Specifically, WSL has been transitioning from COVID testing to Post-Pandemic general medical diagnostic services through its earnings generated by the COVID testing

8. In order to complete its transition to enhanced and expanded services for its communities, WSL was in the process of obtaining additional financing necessary to achieve its target goals.

9. During this process, which was shortly prior to the Petition Date, WSL noticed that the reporting from its third party billing company (Medical Practice partners, LLC ("MMP") was not reconciling to its accounts receivable reporting. Collections from insurance billings were falling rapidly without any explanation from the billing company. In July 2023, WSL learned, for the first time, that although it was generating accounts receivable which were being

regularly forwarded to MMP for processing and collection, for some unexplained reason, MMP failed to process close to $4 million in such receivables. Although an explanation and supporting documents were requested, to date, no such information or explanations were provided to WSL. WSL is investigating its claims against MMP and, upon commencement of this case, sent a "Litigation Hold" letter to MMP. WSL is transitioning to billing in-house.

10. Mountain Ridge Capital, as the primary lender, provided financing based on receivables being less than 120 days old. As a result of MMP's failures, in addition to reduction in cash on hand, many of the receivables became stale for financing purposes (not stale for collection purposes). Between the reduction in the collateral base for advances from Mountain Ridge and Mountain Ridge's daily sweeps of WSL's accounts, WSL faced a cash flow crunch which impaired its ability to fund operations, including payroll. Additional funding was necessary pending collection of the accounts receivable that were not processed by the billing company. Based on the foregoing challenges, WSL determined that the filing of this case was necessary and proper.

11. As discussed, this case was prompted, in large part, by the failure of a third party biller to process the Debtor's bills. Since commencement of the case, the Debtor has moved that process in-house, while discussing with litigation counsel the pursuit of claims against the third party biller.

12. In addition to the foregoing, the Debtor has been focused on improving its operations for the benefit of all creditors. One of the Debtor's new contracts (Halo) is scheduled to go live first week of October 2023 (delayed from September 2023). In addition, the Debtor is completing its buildout of operations in Guam, which will further improve operations. While I am hopeful that the Debtor will have a better indication of operations by the deadline of October 18, 2023 to timely file a plan of reorganization, in the event there are delays, we intend to timely file a motion to extend such deadline, which, I understand, requires a showing of "cause".

13. In light of the fact that the Debtor engages in business operations with governmental entities, it is likely that there will be more governmental claims asserted in this

1  case than others. As a result, I propose to schedule a deadline for hearings on objections to
2  claims after the bar date for governmental units. Assuming such bar date of January 16, 2024, I
3  anticipate that the Debtor will require approximately 45 days thereafter to consider and analyze
4  all such claims, which would be end of February 2023. Based on the foregoing, I propose a
5  deadline of April 30, 2024 for hearing on objections to claims.

6       14.     To the best of my knowledge, Debtor has performed all of its duties under
7  applicable Rules and Code sections. As the Court is aware, the Debtor has not closed all pre-
8  petition bank accounts, which was permitted pursuant to order of this Court on a temporary basis
9  (120 days) without prejudice to seeking a further extension of time. The Debtor intends to
10 remain in compliance with its obligations and promptly cure any deficiencies that may arise.

11      15.     The Debtor has not transmitted such payments to the Subchapter V Trustee. I am
12 advised and understand that the Trustee and other professionals will include their fee requests in
13 properly noticed fee applications and hearing thereon.

14      16.     Upon commencement of this case, the Debtor filed numerous "First Day" motions
15 including, without limitation, a motion for post-petition financing from its senior lender.
16 Pursuant to the motion, the lender provided a line of $2.9 million, which satisfied the pre-petition
17 obligation of approximately $1.7 million, with an additional $1.2 million line subject to formula
18 re: availability. Although certain disputes have arisen, the Debtor has continued to work with the
19 lender in good faith to address issues. As a result, operations are continuing.

20      17.     On August 22, 2023, a continued hearing was held on interim use of cash
21 collateral and financing, which were approved through and including October 13, 2023. A
22 continued hearing was also scheduled for October 10, 2023.

23      18.     At this time, there is no litigation. However, as discussed above and elsewhere,
24 the Debtor intends to pursue claims against its third party biller. We are finalizing discussions
25 with proposed litigation counsel and an application to employ counsel will be filed shortly.

26      19.     To date, the Debtor employed Levene, Neale, Bender, Yoo & Golubchik L.L.P. as
27 general bankruptcy counsel, and Reliance Law Group LLP as special corporate counsel.
28

Additionally, as discussed above, the Debtor intends to employ special litigation counsel to prosecute claims against the third party biller. Once the terms are finalized, an application will be promptly filed with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 31st day of August, 2023, at Los Angeles.

_____
GARY FRAZIER

# DECLARATION OF DAVID B. GOLUBCHIK

I, David B. Golubchik, hereby declare as follows:

1. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2. I am a partner at the law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG"), bankruptcy counsel to Worksite Labs Inc., the debtor and debtor in possession herein (the "Debtor"). I am licensed to practice law in the State of California and before this Court.

3. Attached as **Exhibit "A"** hereto is a "Professional Compensation and Fee Budget" for LNBYG, which was prepared by LNBYG.

4. Attached as **Exhibit "B"** hereto is a "Professional Compensation and Fee Budget" for Reliance, which was prepared by Reliance and provided to me.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 31st day of August 20237, at Los Angeles, California.

                                                        /S/ *David B. Golubchik*
                                                       DAVID B. GOLUBCHIK

# EXHIBIT "A"

PROFESSIONAL COMPENSATION AND FEE BUDGET

**Case Number:**      2:23-bk-14539-VZ

**Case Name:**        Worksite Labs Inc.

**Date Commenced:**   July 20, 2023

**Applicant Name:**   Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG")

**Location:**         Los Angeles, California

**Type of services to be rendered in LNBYB's capacity as general bankruptcy counsel include, but are not limited to:**

Advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor; advising the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors; representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel; conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBYB's expertise or which is beyond LNBYB's staffing capabilities; preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business; representing the Debtor in connection with negotiations relating to the Debtor's real property leases and executory contracts (to the extent requested by the Debtor); assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and performing any other services which may be appropriate in LNBYB's representation of the Debtor during its bankruptcy case.

**Category:**     Asset Analysis/Recovery/Disposition

Professional

| Name | Hourly Rate ($/hr) | Total ($) |
|---|---|---|
| David Golubchik (P) | $690 (@ 5 hrs) | $3,450 |
| JP Fritz (P) | $650 (@ 5 hrs) | $3,250 |
| Anthony Friedman (Counsel) | $650 (@ 5 hrs) | $3,250 |

**Total for Category:  $9,950**

**Category:**     Business Operations

Professional

| Name | Hourly Rate ($/hr) | Total ($) |
|---|---|---|
| David Golubchik (P) | $690 (@ 20 hrs) | $13,800 |
| JP Fritz (P) | $650 (@ 10 hrs) | $6,500 |
| Anthony Friedman (Counsel) | $650 (@ 20 hrs) | $13,000 |

Expenses & Costs:     $5,000

**Total for Category:  $37,300**

**Category:**     Case Administration

Professional

| Name | Hourly Rate ($/hr) | Total ($) |
|---|---|---|
| David Golubchik (P) | $690 (@ 30 hrs) | $20,700 |
| JP Fritz (P) | $650 (@ 10 hrs) | $6,500 |
| Anthony Friedman (Counsel) | $650 (@ 50 hrs) | $32,500 |

Expenses & Costs:     $5,000

**Total for Category:  $64,700**

**Category:**    Claims Administration and Objections

Professional

| Name | Hourly Rate ($/hr) | Total ($) |
|---|---|---|
| David Golubchik (P) | $690 (@ 10 hrs) | $6,900 |
| JP Fritz (P) | $650 (@ 5 hrs) | $3,250 |
| Anthony Friedman (Counsel) | $650 (@ 20 hrs) | $13,000 |

Expenses & Costs:    $2,000

**Total for Category:  $25,150**

**Category:**    Employment/Fee Applications and Objections

| Name | Hourly Rate ($/hr) | Total ($) |
|---|---|---|
| David Golubchik (P) | $690 (@ 10 hrs) | $6,900 |
| JP Fritz (P) | $650 (@ 2 hrs) | $1,300 |
| Anthony Friedman (Counsel) | $650 (@ 10 hrs) | $6,500 |

Expenses & Costs:    $1,000

**Total for Category:  $15,700**

**Category:**   Plan and Disclosure Statement

<u>Professional</u>

| Name | Hourly Rate ($/hr) | Total ($) |
|---|---|---|
| David Golubchik (P) | $690 (@ 30 hrs) | $20,700 |
| JP Fritz (P) | $650 (@ 20 hrs) | $13,000 |
| Anthony Friedman (Counsel) | $650 (@ 20 hrs) | $13,000 |

<u>Expenses & Costs</u>:   $5,000

**Total for Category:  $51,700**

*The figures provided herein are only **estimates**.  Actual fees and expenses incurred may be different than estimated.

**EXHIBIT "B"**

PROFESSIONAL COMPENSATION AND FEE BUDGET

**Case Number:**     2:23-bk-14539-VZ

**Case Name:**       Worksite Labs Inc.

**Date Commenced:**  July 20, 2023

**Applicant Name:**  Reliance Law Group LLP ("Reliance")

**Location:**        Los Angeles, California

As an operating business, being subject to transactions with secured creditors, billers, insurance companies and similar entities, the Debtor utilized the services of Reliance as corporate counsel pre-petition. Based on the Debtor's continuing operations post-petition, facing similar transactions and corporate issues if faced pre-petition, the Debtor requires the assistance and representation of corporate counsel. Based on the fact that Reliance is a reputable firm with professional experience in corporate matters faced by the Debtor, and the fact that Reliance has intimate knowledge of the Debtor, its operations and its needs as a result of ongoing pre-petition services, the Debtor determined that Reliance is the best choice to continue to provide corporate services to the Debtor post-petition.

**Category:** Corporate Matters

Professional

| Name | Hourly Rate ($/hr) | Total ($) |
|---|---|---|
| Jack Sahagian (P) | $595 (@ 50 hrs) | $29,750 |
| Anthony Horgan (P) | $595 (@ 50 hrs) | $29,750 |
| Associate | $495 (@ 20 hrs) | $9,900 |

**Total for Category: $69,400**

**Category:** Miscellaneous Matters

Professional

| Name | Hourly Rate ($/hr) | Total ($) |
|---|---|---|
| Jack Sahagian (P) | $595 (@ 30 hrs) | $17,850 |
| Anthony Horgan (P) | $595 (@ 30 hrs) | $17,850 |
| Associate | $495 (@ 30 hrs) | $14,850 |

**Total for Category: $50,550**

*The figures provided herein are only **estimates**.  Actual fees and expenses incurred may be different than estimated.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Debtor-In-Possession's Report On Status Of Subchapter V Case; Declarations Of Gary Frazier And David Golubchik In Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 31, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Sheila Esmaili    selaw@bankruptcyhelpla.com
- Anthony A. Friedman    aaf@lnbyg.com
- John-Patrick M Fritz    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Raffi Khatchadourian    raffi@hemar-rousso.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Kenneth D Peters    kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric R Von Helms    evonhelms@kmksc.com
- Matthew Michael Weiss    mweiss@phrd.com
- Harris Winsberg    hwinsberg@phrd.com

**2. SERVED BY UNITED STATES MAIL**: On **August 31, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☒ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 31, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 31, 2023 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**Worksite Labs, Inc.**
File #10123
20 Largest Unsecured Creditors,
Secured Creditors, RSN

**20 Largest Unsecured Creditors**

McKesson Medical Surgical
9954 Maryland Dr
Ste 4000
Henrico, VA 23233

Orchard Software
701 Congressional Blvd
Ste 360
Carmel, IN 46032

Rapid Acceleration Partners, Inc.
2251 Longview Rd
Irving, TX 75063

Lumira DX
221 Crescent St
Watham, MA 02453

Siemens Healthcare Diagnostics
221 Gregson Dr
Cary, NC 27511

Medical Practice Partner LLC
PO Box 2877
Riverview, FL 33568-2877

Randstad Healthcare
3625 Cumberland Blvd
Suite 300
Atlanta. GA 30339

BairesDev
800 W. El Camino Real, Suite 180
Mountain View, CA 94040

American Express
P.O. Box 981535
El Paso, TX  75265-0448

SalesCatcher LLC
2133 W Chapman Ave
Suite L
Orange CA 92868

Abbott Laboratories Inc
PO Box 92679
Chicago, IL 60675-2679

Rebulld California Alliance
7722 Avalon Blvd
Los Angeles, CA 90003

Labcorp
PO Box 12140
Burlington, NC 27216

Dotted Line Collaborations
8000 Franklin Fanns Dr
Ste 100
Henrico VA 23229

Hanna Construction
1203 W Shelly Ct
Orange, CA 92868-1240

Beam & Associates
787 N Lincoln St
Orange CA 92867

Life Technologies Corporation
12088 Collections Center Drive
Chicago, IL 60693

Strategic Medical Properties, Inc
1810 S El Camino Real, Ste C
San Clemente, CA 92672

Greenberg Traurig
401 E Las Olas Blvd, Ste 2000
Ft Lauder dale, FL  33301

Reliance Law Group
10000 Washington Blvd, Flr 6
Culver City, CA 90232

**Secured Creditors**

LendSpark Corporation
2554 Gateway Road
Carlsbad, Ca 92009

AB Lending SPV I LLC,
dba Mountain Ridge Capital
405 Lexington Ave, 59th Flr
New York, NY 10174

CT Corporation Systems
330 N. Brand Blvd.
Suite 700, Attn: SPRS
Glendale, CA 91203

**No RSN as of 8/31/2023**