GREGORY K. JONES, State Bar No. 181072
gjones@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH A PROFESSIONAL CORPORATION
10100 N. Santa Monica Blvd., Suite 1450
Los Angeles, CA 90067
Telephone: (424) 214-7000
Facsimile: (424) 214-7010

Subchapter V Trustee for
Worksite Labs, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DIVISION OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO. 2:23-bk-14539-VZ |
| Worksite Labs, Inc., | Chapter 11<br>Subchapter V |
| Debtor. | **SUBCHAPTER V TRUSTEE'S STATUS REPORT STATEMENT** |
| | <u>Subchapter V Status Conference Date:</u> |
| | Date: September 14, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 1368<br>      Roybal Federal Building<br>      255 E. Temple Street<br>      Los Angeles, CA 90012 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

4888-1482-1214v2/106235-0082

Gregory K. Jones, Subchapter V Trustee in the above-captioned chapter 11 case (the "Trustee"), hereby provides this status report (the "Report") in connection with the status conference in the subchapter V case filed by Worksite Labs, Inc., debtor and debtor in possession herein (the "Debtor").

## I. INTRODUCTION

On July 21, 2023, this Court entered its "Order: (1) Setting Conference on Status of Subchapter V Case; (2) Requiring Debtor to Appear at Status Conference and File Report on Status of Subchapter V Case, or Face Possible (A) Conversion of Case to Chapter 7; or (B) Dismissal of Case; (3) Requiring Subchapter V Trustee to Appear at Status Conference and File Report on Status of Trustee's Duties; (4) Requiring Compliance With Standards re Employment and Fee Applications; (5) Giving Notice of Probable Use of Court-Appointed Expert Witness for Contested Valuation Requests; (6) Mandating Use of Forms for Subchapter V Plan and Pertinent Motions; and (7) Establishing Procedure for Motion for Order Confirming Subchapter V Plan" (the "Scheduling Order") [Docket No. 4].

Section II of the Scheduling Order provides that, *inter alia*, "the Subchapter V trustee must file – and serve on the Debtor and U.S. Trustee – a status report to indicate progress in carrying out the Subchapter V trustee's duties under 11 U.S.C. § 1183(b)."

## II. REPORT

### A. The Subchapter V Trustee's Duties

The subchapter V trustee's duties are set forth in Bankruptcy Code section 1183(b), which provides as follows:

>   (b)   Duties—The trustee shall—
>
>   (1)   perform the duties specified in paragraphs (2), (5), (6), (7), and (9) of section 704(a) of this title;

-1-

    (2)    perform the duties specified in paragraphs (3), (4), and (7) of section 1106(a) of this title, if the court, for cause and on request of a party in interest, the trustee, or the United States trustee, so orders;

    (3)    appear and be heard at the status conference under section 1188 of this title and any hearing that concerns --

        (A)    the value of property subject to a lien;

        (B)    confirmation of a plan filed under this subchapter;

        (C)    modification of the plan after confirmation; or

        (D)    the sale of property of the estate;

    (4)    ensure that the debtor commences making timely payments required by a plan confirmed under this subchapter;

    (5)    if the debtor ceases to be a debtor in possession, perform the duties specified in section 704(a)(8) and paragraphs (1), (2), and (6) of section 1106(a) of this title, including operating the business of the debtor;

    (6)    if there is a claim for a domestic support obligation with respect to the debtor, perform the duties specified in section 704(c) of this title; and

    (7)    facilitate the development of a consensual plan of reorganization.

11 U.S.C. § 1183(b). The incorporated provisions of section 704(a) (in § 1183(b)(1)) include: (i) being accountable for all property received (§ 704(a)(2)); (ii) if a purpose would be served, examining proofs of claim and objecting to the allowance of any claim that is improper (§ 704(a)(5)); (iii) if advisable, opposing the discharge of the debtor (§ 704(a)(6)); (iv) unless the court orders otherwise, furnishing such information concerning the estate and the estate's administration as is requested by a party in interest (§ 704(a)(7)); and (v) making a final report and filing a final account of the administration of the estate with the United States Trustee and the court (§ 704(a)(9)).

This list is not exhaustive. As stated by the Department of Justice,

> [T]he trustee should be readily accessible to and actively engage with creditors. The trustee also should meet and confer with the committee of creditors pursuant to § 1103(d), if such a committee is appointed (in most cases, no committee will be appointed). In short, a subchapter V trustee is appointed to serve as a fiduciary in these small business cases, and the trustee must protect and preserve estate assets that are in the trustee's control, among other fiduciary duties.

U.S. Dep't of Justice, *Handbook for Small Business Chapter 11 Subchapter V Trustees*, at 1-7 (February 2020).

**B.    Detail Regarding Trustee's Duties in Present Case**

Since his appointment, the Trustee has attended to his duties under the Bankruptcy Code. More specifically, the Trustee has engaged in the following activities:

1.    <u>Performance of Duties Under Section 704(a)(2), (5), (6), (7), and (9)</u>

Section 1183(b)(1) states that the trustee must perform the duties under section 704(a)(2), (5), (6), (7), and (9). The Trustee has not received any property, thereby making section 704(a)(2) inapplicable. On the other hand, the Trustee has reviewed the approximately twenty proofs of claim that have been filed and remains in the process of determining whether objections are appropriate (704(a)(5)). The Trustee has not opposed the Debtor's possible discharge at this time, but may do so after the bar date and/or filing of a plan (704(a)(6)).

With respect to section 704(a)(7), the Trustee has conferred with a couple of unsecured creditors about the status of the bankruptcy case and responded to inquiries about proofs of claim. The Trustee has provided information to creditors in these conferences. Finally, the Trustee intends to make a final report and file a final account prior to the closure of the case (704(a)(9)).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

4888-1482-1214v2/106235-0082

2. <u>Performance of Duties Under Section 1106(a)(3), (4), and (7)</u>

The Trustee has examined the financial condition of the Debtor, as mandated by section 1106(a)(3). More specifically, the Trustee has reviewed the Debtor's Schedules and Statement of Financial Affairs [Docket No. 67], as well as the documents provided to the Office of the United States Trustee. If the Trustee discovers any "fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor or to a cause of action available to the estate," he will confer with the Office of the United States Trustee and file the report required by section 1106(a)(4). Finally, under section 1106(a)(7), the Trustee will file necessary post-confirmation reports.

3. <u>Performance of Duties Under Section 1183(b)(3)</u>

The Trustee will attend and be heard at the September 14, 2023 Status Conference. Additionally, the Trustee will attend the plan confirmation hearing, any hearing regarding the sale of property of the estate, and any hearing regarding the value of property subject to a lien.

4. <u>Performance of Duties Under Section 1183(b)(4)</u>

The Trustee will ensure that the Debtor makes payments under a plan, if a plan is ultimately confirmed.

5. <u>Performance of Duties Under Section 1183(b)(5)</u>

The Trustee is prepared to operate the business of the Debtor if it ceases to be a debtor in possession under subchapter V.

6. <u>Performance of Duties Under Section 1183(b)(6)</u>

There are no domestic support obligations in this case, so section 1183(b)(6) is inapplicable.

7. <u>Performance of Duties Under Section 1183(b)(7)</u>

A subchapter V trustee is also directed to "facilitate the development of a consensual plan of reorganization." 11 U.S.C. § 1183(b)(7). The Trustee has

discussed the direction of the case and the plan confirmation process with the Debtor's counsel on a number of occasions. As stated above, the Trustee has also conferred with some unsecured creditors, but admittedly needs to contact additional ones to discuss the plan. Therefore, prior to the status conference, the Trustee intends to contact counsel for additional creditors that filed large proofs of claim in the case (e.g., Pawnee Leasing Corporation, Claim No. 6, Salescatcher, LLC, Claim No. 9, and Beam & Associates, Claim No. 17), as well as the claims filed by governmental entities, which have a later bar date. The Trustee will continue such discussions with all parties until the Status Conference.

DATED: August 31, 2023            STRADLING YOCCA CARLSON &
                                  RAUTH A PROFESSIONAL
                                  CORPORATION


                                  By: */s/ Gregory K. Jones*
                                      Gregory K. Jones
                                      Subchapter V Trustee